ROWLEY'S HEIRS vs. CHENEY ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

On a motion to set aside a non-suit, by a transferree of the claim of one of the plaintiffs, and it is objected on the appeal that he was no party and had no interest, the case will not be remanded to inquire into his interest, when the motion was received and acted on in the court below, without this objection being urged.

In a suit against executors and tutors, to account when the latter file a partial account, and pray for time to render a final one, and objections are made to it: *Held*, that the Probate Court improperly non-suited the plaintiffs, on the ground of absence of counsel. In the absence of the plaintiffs, the court might have overruled their objections to the account, but could not turn them out of court without a final action on their claim.

This is an action against W. H. and D. Cheney, testamentary executors of Job Rowley, deceased, and testamentary tutors of his minor heirs, the plaintiffs, to compel them to

render an account of their administration, to pay over any <span>WESTERN DIST.</span>
balance that may be in their hands. <span>October, 1836.</span>

The plaintiffs allege, that they are the legal representatives
of Job Rowley, who died in 1820, when the defendants
became seized of his estate, which amounted to twenty-nine
thousand five hundred and seven dollars, according to the
inventory.

ROWLEY'S HEIRS
vs.
CHENEY ET AL.

They further allege, that in 1829, the defendants, without
authority of law, sold all the property of the estate to pay the
debts, by which they (the minors) sustained a loss of thirty
thousand dollars.

They pray that the defendants be required to render an
account, in both capacities of testamentary executors and
tutors, and pay over whatever sums that may be ascertained
to be due.

The defendants on being ordered, rendered a partial
account, and prayed for further time to make a full and final
one.

The plaintiffs filed exceptions to many of the items in the
account rendered, and excepted to blending the two accounts
as executors and tutors.

The case stood on these issues, and was continued for
several monthly terms of the Probate Court, when at the
December term, 1835, it was called, and the plaintiffs not
appearing, a judgment of non-suit was entered.

Wells, who claimed to be a transferree of one of the
parties plaintiff, filed his affidavit, and moved to set aside
the non-suit, on the ground that the plaintiffs' counsel were
both absent, one on account of sickness, and the other on a
journey, whose return was anticipated in time for the trial;
that trusting to them the judgment was rendered without
giving him an opportunity to be heard.

The court refused to entertain the motion and re-instate
the cause. From judgment overruling the motion and
affidavit, this plaintiff appealed.

*Dunbar*, for the plaintiff.

*Winn, contra.*

WESTERN DIST.
October, 1836.

ROWLEY'S HEIRS
*vs.*
CHENEY ET AL.

On a motion to set aside a non-suit by a transferree of the claim of one of the plaintiffs, and it is objected, on the appeal, that he was no party 'and had no interest, the case will not be remanded to inquire into his interest, when the motion was received and acted on in the court below, without this objection being urged.

In a suit against executors and tutors to account, when the latter file a partial account, and pray for time to render a final one, and objections are made to it: *Held,* that the Probate Court improperly non-suited the plaintiffs, on the ground of absence of counsel. In the absence of the plaintiffs, the court might have overruled their objections to the account, but could not turn them out of court without final action on their claim.

*Martin, J.,* delivered the opinion of the court.

The defendants being the executors of the ancestor of the defendants, and also their tutors, were called upon to render an account of their administration in both capacities, and complied with the desire of the plaintiffs, who thereupon filed their opposition to the accounts thus rendered.

The suit was continued during the monthly terms of the Court of Probates, from April to December, when the plaintiffs not appearing, a judgment of non-suit was entered. Shortly after, and during the December term, Wells came forward and filed his affidavit, stating that he was the transferree of the share of one of the plaintiffs, and that one of the attorneys of the plaintiffs had been prevented, by indisposition, from attending court on the day the non-suit was taken, and that the other was absent on a journey, although his return before that time had been anticipated ; he therefore prayed that the non-suit be set aside, which was refused, whereupon he appealed.

It has been objected in this court that the appellant was not a party to this suit at its inception, during its progress, nor at its termination by the judgment of non-suit, that he has no interest therein, and is not aggrieved by this judgment, wherefore the appellees pray that the case may be remanded for an inquiry into his interest.

This has appeared to us unnecessary, as the motion was received and acted upon in the Court of Probates, without the absence of any interest in the applicant being urged at the bar, or in the opinion of the court overruling it.

It would have been the duty of this court to reverse the judgment of the Court of Probates, even if the motion to set aside the non-suit had not been made. The absence of the plaintiffs when called, might, at most, have authorized the Court of Probates to overrule their objections.

It cannot, however, justify turning them out of court without a final action on their claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and

reversed, and the case remanded for further proceedings according to law; the appellees paying the costs of this appeal.